William A. STEIMER

v.

The UNITED STATES.

No. 111–61.

United States Court of Claims.

Nov. 7, 1962.

Fred W. Shields, Washington, D. C., for plaintiff.

Katherine H. Johnson, Alexandria, Va., with whom was Joseph D. Guilfoyle, Acting Asst. Atty. Gen., for defendant.

DURFEE, Judge.

Plaintiff sues for the retired pay of a Master Sergeant in the United States Marine Corps for the period December 1, 1958 to March 5, 1959, and the retired pay of a Captain from March 5, 1959 to date.

Plaintiff first enlisted in the Marine Corps on March 7, 1924. On August 11, 1943 while holding permanent enlisted status and a temporary appointment as First Lieutenant, he accepted a permanent appointment as a Warrant Officer (pay clerk). He received no formal discharge from his enlisted status at this time, but on April 15, 1944 he was discharged, effective from August 11, 1943.

On August 1, 1944 plaintiff was temporarily appointed to the grade of Captain, and on June 20, 1945 his resignation as a commissioned officer in the Marine Corps was accepted.

On December 23, 1958 plaintiff was appointed by order of the Secretary of the Navy to the Fleet Marine Corps Reserve in the grade of Master Sergeant, on the basis that he held that rank, and had at least 20 years active Federal service, predicated upon his being honorably discharged as of April 15, 1944.

By reason of his transfer to the Fleet Marine Corps Reserve, his name was placed upon the retired list of enlisted men, pursuant to the Act of July 24, 1956, and on March 5, 1959 he was advanced on the retired list to the grade of Captain.

The Act of July 24, 1956, 70 Stat. 626, provides in substance as follows:

"That upon application by any former member of the Navy or Marine Corps—

"(1) who was discharged prior to August 10, 1946, under honorable conditions, and

"(2) who, at the time of his discharge, had at least twenty years' active Federal service,

the Secretary of the Navy shall appoint such former member in the Fleet Reserve or Fleet Marine Corps Reserve, as may be appropriate, in

the rank held by him at the time of such discharge.

"Sec. 2. Each person appointed to the Fleet Reserve or Fleet Marine Corps Reserve under the first section of this Act shall be transferred to the appropriate retired list (1) on the first day of the first calendar month beginning after such appointment, if his last discharge occurred ten or more years prior to the date of such appointment, and (2) in the case of individuals appointed under such section before the expiration of ten years from their last discharge, on the first day of the first calendar month, beginning after the expiration of ten years from the date of such discharge.

"Sec. 3. Each former member transferred to a retired list under clauses (1) and (2) of section 2 shall receive retired pay at the annual rate of 2½ per centum of the annual base and longevity pay he was receiving at the time of his last discharge, multiplied by the number of his years of active Federal service at such time (not to exceed thirty), and adjusted to reflect the percentage increases made since such discharge in the retired pay of persons retired from the Armed Forces prior to October 12, 1949.

"Sec. 4. For the purposes of this Act, all active service in the Army of the United States, the Navy, the Marine Corps, the Coast Guard, or any component thereof, shall be deemed to be active Federal service. * * * "

Section 7(a) of the Act of July 24, 1941, 55 Stat. 603, 604,* provides in part as follows:

"Sec. 7.(a) * * * those persons temporarily appointed in accordance with the provisions of this Act * * * their rights, benefits, privileges, and gratuities shall not be lost or abridged in any respect whatever by their acceptance of commissions or warrants hereunder: * * * *Provided further,* That no person temporarily appointed under the authority of this Act shall suffer any reduction in pay and allowances to which he would have been entitled had he not been so temporarily appointed."

The Comptroller General ruled on October 29, 1959, that plaintiff had not completed 20 years active service as of August 11, 1943, the effective date of his discharge, and therefore was not eligible for appointment to the Fleet Marine Corps Reserve, or transfer to the retired list. On May 4, 1960, the Secretary revoked his prior action of appointment to the Reserve, transfer to the retired list, and advancement to Captain. Plaintiff applied for correction of his records to show that he was appointed to the Fleet Marine Corps Reserve, transferred to the retired list and advanced to Captain as originally directed by the Secretary of the Navy. His application was denied.

Plaintiff brings this action upon the claim that this denial by the Correction Board was arbitrary and unreasonable, and not based upon the competent evidence in the case.

The question is: when was plaintiff "discharged," within the meaning of the Act of 1956 hereinbefore quoted.

Defendant contends that plaintiff was "discharged" on August 11, 1943, the date on which he accepted a permanent appointment as a warrant officer. As of that date, plaintiff did not have the 20 years active Federal service required for appointment to the Fleet Reserve and transfer to the retired list under the Act of 1956, nor had he received any formal discharge.

Plaintiff submits that he was "discharged" on April 15, 1944, the actual date of his discharge and its delivery. In the alternative, plaintiff asserts that he was discharged on June 20, 1945 when his resignation as a commissioned officer in the Marine Corps was accepted. It is undisputed that if he was "discharged"

* See 10 U.S.C.A. § 5787.

within the meaning of the Act of 1956 on either April 15, 1944 or June 20, 1945, he had "at least twenty years' active federal service" as required by the Act for appointment to the Fleet Marine Corps Reserve and transfer to the retired list.

We are reviewing the action of the Secretary of the Navy and the subsequent decision of the Board for the Correction of Naval Records approving the Secretary's conduct. The Secretary had revoked plaintiff's appointment to the Fleet Marine Corps Reserve, and denied him retired pay pursuant to the Act of July 24, 1956. The Board for the Correction of Naval Records sustained the Secretary's action by denying plaintiff's request to correct plaintiff's records to show that he was honorably discharged from active military duty on June 20, 1945. The Board rendered its decision on the basis of an opinion given earlier by the Comptroller General. That opinion stated that plaintiff could not hold a permanent commission as an officer and be an enlisted man at the same time. The Comptroller General stated further that accepting a permanent commission operates to discharge plaintiff from his enlisted status.[1] The Board also cited a letter of January 12, 1961 from the Commandant of the Marine Corps to the Board, advising that acceptance of plaintiff's resignation "resulted in a complete separation from the service" effective August 11, 1943.

It was the opinion of the Board that: 1) plaintiff could not hold concurrently the status of enlisted man and commissioned officer, 2) plaintiff was discharged from his enlisted status on August 11, 1943 when he accepted his appointment as warrant officer, and 3) on August 11, 1943 plaintiff's resignation resulted "in a complete separation from the service." We are not prepared to question these first two conclusions of the Board for the Correction of Naval Records. As to the third, however, it is clearly contrary to the undisputed facts in plaintiff's case.

From March 7, 1924 to August 11, 1943 plaintiff served on active duty as a permanent enlisted man. From the last date to June 20, 1945 he served on active duty as a permanent commissioned officer. He was not completely separated from the service on August 11, 1943. His status certainly changed, but for the next 22 months he was still in full active military service. On June 20, 1945 plaintiff resigned from the United States Navy, having served 21 years, three months and five days on active duty.

We may agree with defendant for purposes of our decision that plaintiff was discharged from the service on August 11, 1943. But defendant does not dispute that on this same day plaintiff commenced further military service as a commissioned officer for approximately two more years. A more realistic approach is to consider that only plaintiff's status changed.

Our inquiry turns to June 20, 1945, the day plaintiff resigned from the Navy. Defendant asserts that because plaintiff resigned from the service, he was not "discharged" on such date. Defendant attempts to prove this argument by pointing to the discharge issued on April 15, 1944, effective retroactively to August 11, 1943. It must be noted that this discharge refers to plaintiff's status as an enlisted man. It does not purport to discharge plaintiff from his active duty as a commissioned officer. Defendant presents no argument to prove that plaintiff could not also have been later discharged from his commissioned officer status, or to prove that his resignation on June 20, 1945 could not be considered as a discharge by the Navy.

There is no serious doubt that the Navy may treat a resignation as a discharge if it so chooses. In the 1948 Bureau of Naval Personnel Manual, Article C–10336 (1) (a), the Navy suggests the form that may be used by a man who wishes to resign, which form states that the resignation shall be treated as a discharge.[2]

---

1. Decisions of The Comptroller General, B–140372, Oct. 29, 1959.

2. I hereby submit my resignation from the naval service of the United States and re-

The Assistant Secretary of the Navy and the head of the Navy's Legal Department, in their efforts to bring plaintiff within the purview of the Act of July 24, 1956, attempted to treat the discharge issued on April 15, 1944, as effective on that date, which would thereby recognize plaintiff's 20 years of active service.

We hold that plaintiff's resignation on June 20, 1945 is equivalent to a discharge from active duty as a commissioned officer. The Navy has the power to treat a resignation as a discharge as evidenced by the 1948 Bureau of Naval Personnel Manual cited above. The Navy has evidenced its intention to grant plaintiff the benefits of the Act of July 24, 1956 and thereby consider him "discharged" under the Act, by its prior attempt to treat the April 15, 1944 discharge as effective on that date.

Our final consideration is of the 1956 Act of Congress upon which plaintiff bases his claim for retirement pay.

There is no validity to the argument that as plaintiff was first discharged in 1943, he may not have the benefit of his subsequent military service as an officer, from which he was later discharged in 1945. The statute provides that the serviceman's "last discharge" date shall be used to determine transfer to the appropriate retirement list, and that his "last discharge" date shall be considered in measuring the amount of retirement pay.[3] The statute provides further that "all active service in * * * the Marine Corps, * * * or any component thereof, shall be deemed to be active Federal service."[4]

The statute clearly contemplates that men who have had successive tours of active duty, totaling 20 years or more, shall receive its benefits. Under the provisions of this legislation it makes no difference

that plaintiff may have been discharged as an enlisted man, and then later served as an officer in a subsequent tour of duty.

Plaintiff has been in active Federal service for over 20 years from March 7, 1924 to June 20, 1945. On the later date he resigned from the Navy, which resignation is to be considered a discharge under the terms of the Act of July 24, 1956, 70 Stat. 626. Plaintiff is entitled to recover, and judgment is entered to that effect. Defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted. The amount of recovery will be determined pursuant to Rule 38(c).

JONES, Chief Judge, and LARAMORE and WHITAKER, Judges, concur.

DAVIS, Judge (dissenting).

I agree with the Comptroller General (39 Comp.Gen. 324 (1959)) that the Act of July 24, 1956, 70 Stat. 626, on which plaintiff must ground his claim, applies only to a "discharge" "prior to August 10, 1946," from enlisted service, not to such a discharge or separation from commissioned service. In 1956 Congress deliberately chose to make its new statute turn on August 10, 1946, because it was supplementing the prior Act of that date, 60 Stat. 993,* under which certain enlisted men then in the Navy could thereafter be transferred to the Fleet Reserve after 20 years of active duty in any military branch of the federal service, even though they did not have 20 years of active naval service. That statute clearly applied only to enlisted men. But it did not cover enlisted men already discharged from the Navy or Marine Corps prior to August 10, 1946, whose total active service in all branches amounted to 20 years but who did not have that measure of naval service alone.[5] The 1956 Act was designed to close that gap, and that gap

---

quest that the same be accepted. I have been informed and understand that if my resignation herein submitted be accepted, *I shall subsequently receive a certificate of honorable discharge from the naval service.* [Emphasis supplied.]

3. Act of July 24, 1956, 70 Stat. 626, §§ 2, 3.

4. Act of July 24, 1956, 70 Stat. 626, § 4.

* See 10 U.S.C.A. § 6331.

5. Enlisted men who had 20 years of naval service were covered under the legislation in effect prior to the 1946 Act.

alone. Senate Report No. 2553, 84th Cong., 2d Sess., U.S.Code Cong. and Adm. News, 1956, p. 1351, pointed out that "[s]ince August 10, 1946, enlisted members of the Navy and Marine Corps have been able to credit their active duty performed in other services toward the computation of time required for transfer to the Fleet Reserve and later entitlement to retired pay," and that the effect of the new bill would be to grant that privilege to persons discharged prior to August 10, 1946. The report said that only one individual was known to be affected by the bill—a former marine master sergeant discharged before August 10, 1946, who had 20 years of active federal service but only 16 in the Navy (and 4 in the Army)—but the "legislation is general, however, since there may be other cases." In the light of this history and the careful reference in the 1956 Act to discharges prior to August 10, 1946, the statute should be read, I believe, directly upon the earlier 1946 Act, and therefore as applying only to a discharge (before August 10, 1946) from enlisted service.

The face of the 1956 Act, it is true, does not refer to enlisted status or distinguish between enlisted men and officers. But the use of general phraseology is understandable. The inclusion of the catch-all term, "any former member of the Navy or Marine Corps," is not uncommon; for this statute the phrase would be appropriate to cover former naval personnel with 20 years of enlisted service before August 10, 1946, who might later have obtained commissioned or warrant rank and then resigned before the 1956 Act (as would be plaintiff's case if he had had 20 years service before August 11, 1943). The neutral terms "discharge" or "discharged" may in other contexts include a separation from commissioned service. But in this instance the close connection between the 1946 Act and the supplementing 1956 Act shows, to my mind, that only a discharge from enlisted status was meant; and the immediate legislative history of the 1956 Act negatives any purpose in the Congressional mind to broaden the 1946 statute to commissioned officers or to a discharge from officer status. The 1956 legislation was very narrow in aim and coverage.

For me, therefore, the ultimate question in this case is whether plaintiff's "discharge" from his permanent enlisted rank of master sergeant took place on August 11, 1943, when he accepted a permanent appointment as a Warrant Officer, or on April 15, 1944, when he was formally discharged from his enlisted status (effective as of August 11, 1943). Since the warrant was for a permanent rank, Section 7(a) of the Act of July 24, 1941, 55 Stat. 603, 604—saving permanent grades from being affected by *temporary* promotions—had no application. The normal rule is that a serviceman cannot simultaneously hold a permanent enlisted rank and a permanent commission or warrant. The plaintiff's permanent appointment as warrant officer on August 11, 1943, necessarily did away with his permanent status as a master sergeant and effected his discharge from that status by operation of law. See 39 Comp.Gen. 324, 329. The Navy recognized this when it made his discharge (delivered in April 1944) effective as of August 11, 1943. Plaintiff not having had 20 years of active federal duty at the time of his last discharge from enlisted service on August 11, 1943, he has no rights under the 1956 Act and his petition should be dismissed.